UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAQUAUN LYNN HALL,

Plaintiff,

v.

CITY OF DETROIT, et al.,

Defendants.
____________________________ /

Case No. 26-11971

F. Kay Behm
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION
OF PACER FEE EXEMPTION ORDER (ECF No. 20)

Plaintiff previously moved for an exemption from PACER fees. (ECF Nos. 5, 13). The court explained in its Order Denying the Motion that once Plaintiff becomes an e-filer (as he indicated he planned to – see ECF No. 6), he will have access to PACER that includes "one free look" at documents filed on the docket. (ECF No. 16). Plaintiff has now filed a motion for reconsideration of that Order. (ECF No. 20).

Plaintiff's motion for reconsideration is governed by Local Rule 7.1(h)(2). Local Rule 7.1(h)(2) provides limited and narrow grounds on which the court may reconsider its non-final orders. Motions for reconsideration may only be brought on three grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2)(A)-(C).

Plaintiff argues that "new facts" have arisen after the court issued its Order. These facts include the orders that the court entered granting his motion for leave to file a second amended complaint and the order requiring him to provide documents for service. According to Plaintiff these post-denial developments make monitoring the docket "immediately necessary." The court points out that its orders are available for free on PACER and are not subject to any PACER fees. Plaintiff further explains that while he is seeking a credit for past charges through the PACER Service Center, this "leaves prospective case-monitoring charges as a separate problem for which the court exemption process remains the relevant avenue." (ECF No. 20, PageID.453). Plaintiff requests a six-month PACER exemption for his access to just this case.

The court finds that Plaintiff's new facts do not warrant a different outcome under the Local Rule. "Courts may exempt indigent litigants from paying these fees, but exemptions 'should be granted as the exception, not the rule.'" In re Uppal, No. 25-5639, 2025 WL 4699370, at *2 (6th Cir. Dec. 3, 2025) (quoting Electronic Public Access Fee Schedule, Judicial Conference Policy Notes (reprinted with 28 U.S.C. § 1913)). While Uppal relied on his indigency to support his request for an exemption – as Plaintiff does here – the court pointed out that Uppal had filed most of the docketed items himself (and would already have a copy) and he may obtain most of the remaining documents (which were court orders and opinions) for free, "given that PACER fees are automatically waived when accessing judicial opinions or viewing information and documents at courthouse public access terminals." Id. (citing Electronic Public Access Fee Schedule, Judicial Conference Policy Notes (reprinted with 28 U.S.C. § 1913)). The court further pointed out that Uppal failed to show why he could not access any other filings through the public access terminals. Id. Thus, the court denied the motion to waive PACER fees. Id.

Similarly here, virtually all the documents on the docket are either filed by Plaintiff (which he has copies of) or are court opinions/orders (for which

access is free). To the extent that, in the future, other documents will be filed on the docket, Plaintiff can access those documents at the public access terminal. Or if Plaintiff, as he indicated (ECF No. 6), plans to become a pro se efiler, he will have "one free look" at all documents filed after he obtains that status. For these reasons, the court will not reconsider its earlier decision to deny Plaintiff a PACER fee exemption and Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

Date: August 19, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge